IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )  Case No: 3:23-cv-512-RAH-JTA ) [WO] |
| DONNA REYNOLDS, | ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Defendant's *Motion for Judgment on the Pleadings*. (Doc. 20.) The motion is fully briefed. For good cause, it is due to be granted in part.

**Background**

Plaintiff Unum Life Insurance Company of America brings this restitution action under the Employee Retirement Income Security Act (ERISA) against Defendant Donna Reynolds for overpayments made to Reynolds under a group long-term disability insurance policy issued by Unum. Under the policy, qualifying policy participants receive monthly benefits based on a percentage of the participant's income offset by certain other sources of income such as social security disability and pension payments. The policy language explicitly provides that Unum can recover any overpayments due to fraud, error, or a participant's receipt of income from other sources. The policy also expressly grants Unum an equitable lien over other sources of income until any overpayments have been repaid in full.

1

In March 2008, Reynolds was approved for disability benefits under her employer's Unum policy. Later that year, she was also awarded social security disability benefits, which reduced her monthly Unum benefit.

In 2009, Unum required Reynolds to submit a Disability Status Update form. That form "specifically requested information about other income Reynolds was receiving" and "listed pension benefits as one of the possible sources of other income." (Doc. 1 at 6.) Reynolds submitted forms in 2009, 2012, 2014, and 2016, certifying each time that her statements on those forms were true and complete. Reynolds, however, did not disclose on those forms that she was and had been receiving pension benefits since April 2009. Had she done so, her monthly Unum benefit would have been substantially less.

At some point, Unum discovered that Reynolds had been receiving pension benefits since 2009 and therefore that Reynolds had been receiving overpayments on her Unum policy to the order of $188,877.85. Upon discovery, Unum reduced Reynolds's monthly benefits to the policy minimum and offset that monthly amount by the overpayment until Reynolds reached the maximum benefit period in May 2022. Most of the overpayment remained outstanding at that time. By Unum's calculation, Reynolds still owes $166,730.92 in remaining overpayments, interest, and attorney's fees.

Unum filed this lawsuit on August 28, 2023, seeking equitable relief under 29 U.S.C. § 1132(a)(3), equitable restitution, and an equitable lien. In response to Reynolds's *Motion for Judgment on the Pleadings*, Unum concedes to the dismissal of its claims for equitable restitution and an equitable lien. Reynolds seeks dismissal of the ERISA equitable relief claim on the grounds that the statute of limitations has expired and that the Complaint lacks particularity.

**Legal Standard**

A judgment on the pleadings is limited to consideration of "the substance of the pleadings and any judicially noticed facts." *Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n*, 137 F.3d 1293, 1295 (11th Cir. 1998). A Rule 12(c) motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss. *See Samara v. Taylor*, 38 F.4th 141, 152 (11th Cir. 2022). In its analysis of such a motion, the court accepts all the facts in the complaint as true and views them in the light most favorable to the plaintiff. *Id.* But the court need not credit a nonmoving party's legal conclusions. *See Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1304 n.12 (11th Cir. 2003). If the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint. As with a motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**Discussion**

Reynolds seeks dismissal of the ERISA equitable relief claim on statute of limitations and lack of particularity grounds. As to the statute of limitations, Reynolds argues that Unum's claim is barred by the three-year statute of limitations set forth in the Unum policy and relatedly that the statute of limitations is not tolled under Unum's fraudulent concealment theory, which she also claims suffers from pleading deficiencies under Fed. R. Civ. P. 9(b). Unum argues that a six-year statute of limitations applies and that it has plead enough facts to show tolling due to Reynolds's fraudulent concealment of her pension payments since 2009.

According to Reynolds, the following provision from the Unum policy applies to Unum's reimbursement claim:

3

> **WHAT ARE THE TIME LIMITS FOR LEGAL PROCEEDINGS?**
>
> **You can start legal action regarding your claim 60 days after proof of claim has been given and up to 3 years from the time proof of claim is required, unless otherwise provided under federal law.**

(Doc. 29-1 at 15.)  From this provision, Reynolds argues that Unum's restitution claim is time-barred because Unum learned of the overpayment issue as late as January 2018 yet it did not file this lawsuit until over five years later.  Unum argues this provision applies only to benefit claims made by Reynolds and not overpayment claims made by Unum.

Unum is correct.  The plain language of this provision, when subjected to the federal common law rules of contract interpretation, shows that it applies only to benefit claims (proof of claim) made by Reynolds (you).  Accordingly, Reynolds is not entitled to dismissal of the case under her three-year statute of limitations argument.

Reynolds also argues that Unum's claim accrued in 2009 when the overpayments began and that Unum has no right to any equitable tolling under a fraudulent concealment theory because Unum fails to meet its particularly obligations under Fed. R. Civ. P. 9(b)—such as identifying when or how Unum discovered the pension benefit payments.  This issue involves discussion of the pertinent statute of limitations under ERISA.

Unum brings this action under ERISA's civil enforcement provision, 29 U.S.C. § 1132.  ERISA, however, does not set any limitations period for non-fiduciary claims brought under § 1132.  When ERISA does not supply a statute of limitations for an action, courts apply the statute of limitations for the state claim most analogous to the ERISA claim pursued.  *Lampf, Pleva, Lipkind, Prupis & Pettigrow v. Gilbertson*, 501 U.S. 350, 355 (1991).  Generally, this will fall into either a contract-based claim if there is a contractual provision governing restitution,

or an unjust enrichment claim if there is not. *See Luby v. Teamsters Health, Welfare, & Pension Tr. Funds*, 944 F.2d 1176, 1186 (3d Cir. 1991) ("[I]t is clear that Congress intended federal courts to fashion a federal common-law under ERISA, and this permits application of a federal common-law doctrine of unjust enrichment if restitution would not override a contractual provision of an ERISA plan."). The Eleventh Circuit has concluded that a fiduciary's action for reimbursement under 29 U.S.C. § 1132(a)(3) is most analogous to a contract action and is therefore subject to Alabama's six-year statute of limitations. *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1357 (11th Cir. 1998).

Reynolds argues that Unum's claim is time-barred even if a six-year statute of limitations applies because the first overpayment was made in 2009 and therefore a cause of action accrued at that time. Federal law dictates when federal claims accrue, and the statute of limitations for federal claims begins to run "once a plaintiff has a 'complete and present cause of action.'" *Merck & Co. v. Reynolds*, 559 U.S. 633, 644 (2010) (citation omitted). But this rule does not apply when a defendant's deceptive conduct prevents a plaintiff from even *knowing* it has a complete cause of action. *Id*. "[W]here a plaintiff has been injured by fraud and remains in ignorance of it without any fault or want of diligence or care on [its] part, the bar of the statute does not begin to run until the fraud is *discovered*." *Id*. at 644–45 (emphasis in original) (citation and internal quotation marks omitted). And "[f]raud is deemed to be discovered . . . when, in the exercise of reasonable diligence, it could have been discovered." *Id*. at 645 (alterations in original) (citation omitted). This is known as the discovery rule. *See generally id.*

In sum, if Reynolds fraudulently concealed her receipt of pension payments, the statute of limitations would be tolled until Unum "first knows *or with due diligence should know* facts that will form the basis for an action." *Id*. at 646 (emphasis in original) (citation and internal quotation marks omitted). *See also*

5

*Verizon Emp. Benefits Comm. v. Irizarry*, No. 23-1708, 2024 WL 415692 (D.N.J. Feb. 5, 2024) (discussing the discovery rule in an ERISA overpayment case); *Verizon Emp. Benefits Comm. v. Frawley*, 655 F. Supp. 2d 644 (N.D. Tex. 2008) (same). That means if Unum first made an overpayment in 2009 but was unaware of the pension payments due to Reynolds's actions in fraudulently concealing that fact, Unum's cause of action for reimbursement would be tolled until Unum first knew or with due diligence should have known of facts that would put it on notice of this concealment. Nothing in the Complaint suggests that Unum knew or should have known of Reynolds's receipt of pension payments any earlier than January 2018, and as such, nothing in the Complaint shows that Unum's claim is time-barred.

Reynolds also argues that Unum is not entitled to tolling because Unum has not plead tolling with particularity. The Court is unpersuaded by Reynolds's argument. Although Reynolds filed an answer instead of challenging the Complaint under Fed. R. Civ. P. 9(b) via a motion to dismiss or for a more definite statement, Unum's Complaint sufficiently pleads tolling through fraudulent concealment. As the Complaint makes clear, on no fewer than four occasions, Reynolds certified in writing that she was not receiving pension benefits when in fact she was and that Unum relied upon these certifications in making payments under the policy. This is enough to plead a plausible fraudulent concealment theory to invoke tolling, at least at this stage.

In any event, Unum's tolling assertion and Reynolds's argument against it are fact-driven issues and thus better suited for examination at the summary judgment stage when the record is better developed on this issue.[1]

---

[1] While the parties do not mention it, the parties should also address the issue of whether the six-year statute of limitations applies (i.e., begins anew) to each overpayment, or whether it begins to run when the first overpayment was made in 2009.

## Conclusion

Accordingly, it is ORDERED as follows:

(1) Defendant's *Motion for Judgment on the Pleadings* (Doc. 20) is GRANTED in part. It is granted to the extent that Counts Two and Three are dismissed without prejudice. It is denied as to Count One.

(2) This case shall proceed forward on Plaintiff's equitable relief claim in Count One brought under 29 U.S.C. § 1132(a)(3).

**DONE** on this the 23rd day of April, 2024.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE